IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GULFMARK OFFSHORE, INC.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0249-WS-N |
| | ) |
| **BENDER SHIPBUILDING & REPAIR** | ) |
| **CO., INC.,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on the question of whether these proceedings should be stayed with respect to non-debtor defendants Thomas Bender, Jr., Bruce Croushore, David Barnett, Joseph Mangin, Jr., and Frank Terrell (collectively, the "Individual Defendants").[1]

On May 6, 2009, plaintiff, GulfMark Offshore, Inc. ("Gulfmark"), filed a Complaint (doc. 1) against Bender Shipbuilding & Repair Co., Inc. ("BSR") and the five Individual Defendants, all of whom are officers and/or directors of BSR. (Bender Decl. (Doc. 29, Exh. A), ¶ 2.)[2] The nine-count Complaint alleges, *inter alia*, that BSR breached a shipbuilding contract

---

[1] The procedural posture is somewhat unusual. Neither party has filed a motion seeking either extension of the automatic stay to encompass these defendants, or entry of a preliminary scheduling order to move these proceedings forward. That said, on June 16, 2009, defendant Bender Shipbuilding & Repair Co., Inc. ("BSR") filed a Notice of Contested Involuntary Bankruptcy Filing (doc. 21), requesting an order staying this action in its entirety pursuant to 11 U.S.C. § 362. Three days later, plaintiff filed a Response (doc. 23) asking that BSR's request for a stay be denied as to the Individual Defendants. Thus, both sides have raised the issue, albeit not by motion, of whether the automatic stay should or should not extend to the Individual Defendants. All parties have had a full and fair opportunity to brief that question. (*See* docs. 23, 29, 31, 32.) In light of these circumstances, the applicability of the automatic stay to the claims against the Individual Defendants has been squarely presented, and is ripe for disposition at this time.

[2] In particular, the Individual Defendants consist of BSR's President and Chief Executive Officer (Thomas Bender, Jr.), Vice President and Secretary (Bruce Croushore), Treasurer and Assistant Secretary (David Barnett), Chief Financial Officer (Joseph Mangin, Jr.), and Vice President (Frank Terrell).

with GulfMark, as a result of which GulfMark seeks compensatory damages of at least $44,288,808.13, representing the aggregate sums GulfMark advanced to BSR pursuant to said contract until BSR's default of same.  The Complaint also sets forth two causes of action directed solely at Thomas Bender, Jr., alleging that he suppressed information concerning BSR's insolvency and inability to complete the contract and negligently misrepresented that BSR was, in fact, able to perform.  GulfMark seeks compensatory damages from Thomas Bender, Jr. in the amount of at least $44,288,803.13.[3]  Finally, the Complaint interposes a cause of action against all five Individual Defendants for breach of fiduciary duty, alleging that they owed GulfMark a heightened duty of care and loyalty because BSR was in the "zone of insolvency," which they breached by facilitating and/or directing wrongful use of GulfMark's milestone payments to BSR.  On that basis, GulfMark also seeks compensatory damages of at least $44,288,803.13 from the Individual Defendants.

Upon learning that the involuntary bankruptcy proceeding against BSR had been converted into a voluntary case under Chapter 11, the undersigned entered an Order (doc. 28) on July 8, 2009 staying this lawsuit as to BSR pursuant to the automatic stay provisions of 11 U.S.C. § 362(a).  The parties disagree as to whether the automatic stay also covers GulfMark's claims against the Individual Defendants.

As a general proposition, the automatic stay provisions of § 362(a) do not operate to stay claims against non-debtor defendants.  *See, e.g., American Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants.").[4]  Nonetheless, the protections of the automatic stay have been extended to non-bankrupt codefendants in "unusual

---

[3] The $5 discrepancy between the compensatory damages GulfMark claims against BSR and those it seeks from Thomas Bender, Jr., appears to be a typographical error.

[4] *See also In re TXNB Internal Case*, 483 F.3d 292, 301 (5th Cir. 2007) ("Section 362(a) ... does not apply, however, to actions not directed against the debtor or property of the debtor."); *In re Philadelphia Newspapers, LLC*, --- B.R. ----, 2009 WL 1911785, *6 (E.D. Pa. July 2, 2009) ("[w]hile the scope of the automatic stay is broad, it stays action only against the debtor"); *In re Sunbeam Securities Litigation*, 261 B.R. 534, 536 (S.D. Fla. 2001) ("The law makes clear ... that the automatic stay provisions of section 362(a) generally are not available to third-party non-debtors.").

circumstances," such as "when there is such identity between the debtor and the third-party defendant ... that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."  *Kreisler v. Goldberg*, 478 F.3d 209, 213 (4th Cir. 2007) (citation omitted); *see also In re Excel Innovations, Inc.*, 502 F.3d 1086, 1096 (9th Cir. 2007) (recognizing that "the automatic stay may be extended if unusual circumstances make the interests of the debtor and the non-debtor defendant inextricably interwoven"); *Matter of Zale Corp.*, 62 F.3d 746, 761 (5th Cir. 1995) (actions against nondebtor may be subject to stay "when the nondebtor and the debtor enjoy such an identity of interests that the suit against the nondebtor is essentially a suit against the debtor"); *In re Uni-Marts, LLC*, 404 B.R. 767, 780 (Bankr. D.Del. 2009) ("courts may extend the automatic stay to non-debtor third-parties if 'unusual circumstances' are present").

In accordance with this "unusual circumstances" doctrine, the automatic stay is properly extended to non-debtor codefendants in the case of "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in the case."  *Kreisler*, 478 F.3d at 213 (citation omitted).[5]  Faced with such circumstances, federal courts have extended the automatic stay's protections to non-debtors who would be entitled to indemnity from the debtor in the event of a judgment against them.  *See, e.g., In re Philadelphia Newspapers, LLC*, --- B.R. ----, 2009 WL 1911785, *6 (E.D. Pa. July 2, 2009) (finding unusual

---

[5]  *See also In re Gucci*, 126 F.3d 380, 392 (2nd Cir. 1997) ("an action taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred by the automatic stay provision"); *In re Stewart*, 329 B.R. 910, 915 (Bankr. M.D. Ga. 2005) (observing that unusual circumstances justifying stay of proceedings against non-bankrupt codefendants may exist where third party is entitled to indemnity from debtor for any judgment entered against him); *In re Friedman's, Inc.*, 336 B.R. 896, 897-98 (Bankr. S.D. Ga. 2005) (stay may be extended to non-debtor defendant in unusual circumstances involving considerations such as indemnity provisions between debtor and non-debtor, intertwining of issues between the two defendants, possibility of inconsistent results, and judicial economy); *In re National Staffing Services, LLC*, 338 B.R. 35, 37 (Bankr. N.D. Ohio 2005) (identity of interests between debtor and third party may create requisite unusual circumstances to justify staying claims against third party); *N.L.R.B. v. McDermott*, 300 B.R. 40, 43 n.7 (D. Colo. 2003) ("The automatic stay may apply to a non-debtor in special circumstances, such as where there is identity of interest between a debtor and a third party so that a judgment against a non-debtor would be binding on a debtor.").

circumstances for extending § 362(a) stay "because the Debtors owe potential contractual and common law duties to indemnify the Non-Debtors, [such that] the interests of the Debtors and Non-Debtors in the state action are identical").

After careful review of the parties' submissions, the Court is satisfied that the "unusual circumstances" doctrine applies here. The Complaint reflects that GulfMark is suing the Individual Defendants (all of whom are directors and/or officers of BSR) solely for certain acts and omissions taken in their official capacities as directors and/or officers of BSR. BSR's Articles of Incorporation provide that the debtor "shall indemnify" any person made a party to a civil action "by reason of the fact that he is or was a director, officer, employee or agent of the corporation ... against expenses (including attorneys' fees), judgments, fines and amounts paid in settlement." (Bender Decl., at Exh. 1 § 10(A).)

Notwithstanding the foregoing, GulfMark insists that this indemnification provision does not satisfy the unusual circumstances doctrine because BSR's duty to indemnify the Individual Defendants is not absolute. To be sure, the Articles of Incorporation do impose limits on BSR's indemnification obligations. Specifically, an BSR director or officer is entitled to indemnity only "if he acted in good faith and in a manner he reasonably believed to be in or not opposed to the best interests of the corporation." (Bender Decl., at Exh. 1 § 10(A).) But GulfMark points to no facts or circumstances tending to suggest that those conditions would or might be relevant here. GulfMark identifies no reason to think that the Individual Defendants were not acting in good faith or in what they believed to be the best interests of BSR at all relevant times. The gravamen of Gulfmark's claims against them is that those Individual Defendants failed to alert GulfMark to BSR's financial and operational problems, and that they facilitated or directed the use of GulfMark's milestone payments toward performance of other BSR projects. There is no indication, however, that the Individual Defendants were engaged in self-dealing, that they usurped corporate opportunities, that they were acting *ultra vires*, that they were embezzling or otherwise misappropriating BSR funds, or that they were sabotaging BSR. In the absence of any plausible basis for concluding that the limitations on BSR's indemnity obligations may come into play here, the Court cannot agree that the mere existence of those limitations, without more, creates a divergence of interests between the Individual Defendants and BSR, or that it materially reduces the likelihood that a judgment against the Individual Defendants would, in

effect, be binding against BSR via the indemnity arrangement.

By all appearances, there is an identity of interests between the Individual Defendants and BSR in these proceedings.  GulfMark is seeking to hold the Individual Defendants liable for acts and omissions taken pursuant to their official duties as BSR officers and directors, all of which would appear to fall squarely within BSR's indemnification obligations.  To the extent that GulfMark succeeds in obtaining a judgment against the Individual Defendants, that judgment will be, in effect, a judgment against BSR by operation of the relevant indemnification provisions.  As such, this case presents exactly the kind of "unusual circumstances" described in the aforementioned case authorities that warrant extension of the automatic stay to the Individual Defendants.

Alternatively, even if the automatic stay were inapplicable here, this Court would stay this action as to the Individual Defendants pursuant to its inherent powers.  It is well-settled that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997); *see also Dominguez v. Hartford Financial Services Group, Inc.*, 530 F. Supp.2d 902, 905 (S.D. Tex. 2008) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation ...."); *Utah v. Eli Lilly and Co.*, 509 F. Supp.2d 1016, 1019 (D. Utah 2007) (recognizing discretion to stay proceedings to save time and effort for parties and court).  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936).[6]  Thus, in determining whether a stay is appropriate in a particular case, "the court, in its sound discretion, must assess and balance the nature and substantiality of the injustices claimed on either side." *Feld Entertainment, Inc. v. A.S.P.C.A.*, 523 F. Supp.2d 1, 3 (D.D.C. 2007) (citations omitted).

---

[6] A district court's inherent power to stay proceedings is not mitigated or obviated by § 362(a).  *See, e.g., Kreisler*, 478 F.3d at 215 (notwithstanding fact that automatic stay was inapplicable, federal courts retain "the inherent power ... under their general equity powers and in the efficient management of their dockets ... to grant a stay").

GulfMark proposes to proceed against the Individual Defendants even as its claims against BSR are stayed under § 362(a).  Presumably, this would entail having GulfMark and the Individual Defendants proceed through discovery and trial on those claims, and then repeat the process with respect to GulfMark's related claims against BSR if and when the automatic stay is lifted.  Such an approach would be extraordinarily inefficient, setting the stage for duplicative trials on closely related claims against closely related defendants.  Much of the evidence relating to both sets of claims would be identical.  Redundancies of effort on the part of litigants and Court would be large and inevitable, and litigation costs for both sides would be increased substantially.  There would be a non-trivial risk of inconsistent judgments.  By contrast, GulfMark has identified no prejudice that would accrue if both sets of related claims against both sets of related defendants were litigated together.[7]  Accordingly, the Court is persuaded that a stay of the claims against the Individual Defendants would be warranted pursuant to the inherent powers of the Court, and in furtherance of the interests of judicial economy, consistency and justice, even in the absence of a § 362(a) stay of the claims against the Individual Defendants.

For all of the foregoing reasons, this action is **stayed** with respect to the claims against the Individual Defendants, by operation of 11 U.S.C. § 362 and alternatively pursuant to the inherent powers of the Court, pending further order.  In accordance with the Order (doc. 28) entered on July 8, 2009, GulfMark remains obligated to file, on or before the **first Tuesday of each month**, a written report reflecting the status of the Bender bankruptcy proceedings.

DONE and ORDERED this 3rd day of August, 2009.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE

---

[7] To the contrary, a stay of the claims against the Individual Defendants until such time as the automatic stay is lifted as to the claims against BSR would redound to GulfMark's benefit, as well, in the form of increased efficiency, less duplication of effort, lower litigation costs, and less risk of inconsistent judgments.  To be sure, staying the claims against the Individual Defendants means that GulfMark will have to wait longer to obtain a judgment against them if those claims are successful.  That delay, in and of itself, is not a sufficiently compelling form of prejudice to outweigh the countervailing considerations set forth herein.